**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARGARET KIRCHMAN, et al.,

   Plaintiffs,

      v.                                           Case No.: 8:06-cv-1787-T-24-TBM

NOVARTIS PHARMACEUTICALS
CORPORATION,

   Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Novartis Pharmaceuticals Corporation's Omnibus Motion *in Limine*. (Dkt. 76.) Plaintiff Margaret Kirchman filed a response in opposition. (Dkt. 77.)

**I.   BACKGROUND**

  **A.  Facts**

In January 2002, Donald Kirchman was diagnosed with multiple myeloma by his oncologist, Dr. Sung Tae Byun. To slow the progression of multiple myeloma and decrease the risk of skeletal related events, Dr. Byun prescribed Aredia and Zometa, which are bisphosphonate drugs manufactured by Novartis. Mr. Kirchman received Aredia in January 2002, and was switched to Zometa in April 2002. Mr. Kirchman received Zometa until December 2003, when it was discontinued by Dr. Byun due to Mr. Kirchman's renal insufficiency. At the time he prescribed Aredia and Zometa to Mr. Kirchman in 2002 and 2003, Dr. Byun was unaware of any risk of osteonecrosis of the jaw ("ONJ") associated with the drugs.

In April 2004, Mr. Kirchman visited a general dentist, Dr. Sabina Kunis, because of pain and swelling in his mouth. Dr. Kunis saw an infection in Mr. Kirchman's mouth, and believed there were hopeless teeth that needed to be extracted. Dr. Kunis referred Mr. Kirchman to an oral surgeon, Dr. Anthony Auletta, who performed several treatment procedures, including extractions and debridement, during which he observed exposed bone. By April 2006, Dr. Auletta reported seeing no exposed bone.

In July 2007, Dr. Auletta examined a mass in Mr. Kirchman's lower left jaw, and found no exposed bone. After the mass was biopsied, Dr. Byun diagnosed Mr. Kirchman with multiple myeloma of the jaw. By March 24, 2008, Mr. Kirchman developed hypercalcemia of malignancy. Despite knowing the risk of ONJ, Dr. Byun recommended resuming Aredia or Zometa. After Dr. Byun discussed the risks and benefits of Aredia and Zometa with the Kirchmans, Mr. Kirchman received one dose of Aredia. Three weeks later, on April 18, 2008, Mr. Kirchman died from multiple myeloma.

B. **Procedural History**

In September 2006, the Kirchmans brought this action against Novartis, alleging that Mr. Kirchman's use of Aredia and Zometa caused him to develop ONJ. Count I is a strict liability claim, alleging that Aredia and Zometa are unreasonably dangerous for normal use due to the inadequate warning about the risk of developing ONJ. Count III is a negligent failure to warn claim, alleging that Novartis failed to adequately warn about the risks of ONJ associated with Aredia and Zometa, and failed to meet the standard of care set forth by various federal statutes and regulations, which proximately caused Mr. Kirchman's ONJ. Count VI alleges Mrs. Kirchman's loss of consortium.[1]  A jury trial is scheduled to begin on October 6, 2014.

---

[1] Plaintiff withdrew Count II (negligent manufacture) and Count IV (breach of express warranty), and the Court granted Novartis' motion for summary judgment as to Count V (breach of implied warranty).

## II.     DISCUSSION

### A. <u>Novartis' corporate conduct postdating Mr. Kirchman's last Zometa infusion</u>

Novartis seeks to exclude evidence of Novartis' "corporate conduct" occurring after December 8, 2003, the date of Mr. Kirchman's last Zometa infusion. Novartis argues that such evidence is irrelevant, because corporate conduct postdating Mr. Kirchman's last Zometa infusion could not have changed Dr. Byun's prescribing decision or prevented Mr. Kirchman's injuries. Novartis also argues that such evidence constitutes subsequent remedial measures under Rule 407.

Plaintiff responds that Novartis' request to exclude corporate conduct postdating December 2003 is too broad. Plaintiff argues that Novartis' later conduct may be relevant to the exacerbation of Mr. Kirchman's injury by his dental treatment procedures, or to Dr. Byun's subsequent awareness of the risk of ONJ and changed practice of counseling patients about that risk.

The Court agrees with Plaintiff that Novartis' conduct postdating December 2003 could bear on relevant issues in this case. Further, because Novartis does not identify any specific evidence of conduct it seeks to exclude, the Court cannot determine whether it would be evidence of a subsequent remedial measure inadmissible to prove negligence, culpable conduct, or the need for a warning or instruction under Federal Rule of Evidence 407. Accordingly, Novartis' motion to exclude evidence of Novartis' corporate conduct postdating December 8, 2003, is **DENIED**.

### B. <u>Specific language in package inserts that Dr. Byun did not see or rely upon</u>

Novartis seeks to preclude Plaintiff from criticizing the language in package inserts that Dr. Byun did not see or rely upon while treating Mr. Kirchman with Aredia or Zometa. Novartis argues that such evidence is irrelevant because specific language that Dr. Byun never saw could not have induced him to prescribe the drugs to Mr. Kirchman. In response, Plaintiff argues that

information later read by Dr. Byun is relevant to show Dr. Byun's changed prescribing practices and what he would have done had he been warned earlier.

However, Plaintiff's argument is not responsive to Novartis' objection. Novartis does not seek to exclude the package inserts themselves or bar Plaintiff from arguing that Novartis should have warned Dr. Byun earlier. Rather, Novartis seeks to preclude Plaintiff from arguing or introducing evidence that specific language in the package inserts—which Dr. Byun did not read until after Mr. Kirchman stopped receiving the drugs—was false, misleading, or insufficient. The Court agrees with Novartis that such arguments are irrelevant.

Accordingly, Novartis' motion is **GRANTED**. Plaintiff is precluded from arguing or introducing evidence that specific language in package inserts—which Dr. Byun did not read until after Mr. Kirchman stopped the drugs—was false, misleading, or insufficient.

### C. Promotional materials that Dr. Byun did not see or rely upon

Novartis seeks to exclude promotional materials regarding Aredia and Zometa that Dr. Byun never saw or relied upon. Novartis argues that such evidence is irrelevant to Dr. Byun's decision to prescribe Aredia and Zometa to Mr. Kirchman. In response, Plaintiff argues that Novartis' request is too broad because Dr. Byun did not see a lot of material, and that unseen materials could be relevant to other issues.

Promotional materials that Dr. Byun never saw or relied upon are not relevant, and Plaintiff's response does not adequately explain how such evidence could be relevant. Accordingly, Novartis' motion to exclude promotional materials that Dr. Byun never saw or relied upon is **GRANTED**.

D. **Hearsay statements by Mrs. Kirchman**

Novartis seeks to exclude Mrs. Kirchman's testimony about out-of-court statements made by Mr. Kirchman and his doctors. Novartis argues that such testimony is hearsay. In response, Plaintiff asserts that such testimony may fall within a hearsay exception.

Mrs. Kirchman's testimony as to what Mr. Kirchman and his doctors said constitutes hearsay, and Plaintiff has not identified any applicable hearsay exception. Accordingly, Novartis' motion to exclude Mrs. Kirchman's testimony regarding Mr. Kirchman's and his doctor's out-of-court statements is **GRANTED**. If a hearsay exception applies, Plaintiff may raise the issue at trial.

III. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Novartis' Omnibus Motion *in Limine* (Dkt. 76) is **GRANTED-IN-PART AND DENIED-IN-PART.**

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of July, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record